IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

CHARLIE DEAN TRIVETT                 §

v.                                   §        CIVIL ACTION NO. 5:11cv166

DR. REGINALD STANLEY, ET AL.         §

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Charlie Trivett, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Trivett sued Dr. Reginald Stanley and a TDCJ grievance officer named Tanya Peacock. Trivett alleged Dr. Stanley was deliberately indifferent to his medical needs and Ms. Peacock denied him due process by failing to adequately address issues through the grievance process.

The Defendants filed a motion for summary judgment. After review of the pleadings and summary judgment evidence, the Magistrate Judge issued a Report recommending that the motion for summary judgment be granted and that the lawsuit be dismissed. The Magistrate Judge concluded that: Trivett failed to show that Dr. Stanley had been deliberately indifferent to his serious medical needs; Trivett's claims concerning alleged heart and cholesterol problems were not properly before the Court, because they had been raised for the first time in Trivett's response to the motion for summary judgment; and that Trivett had not set out a viable claim against Peacock because he has no constitutionally protected liberty interest in the grievance procedure of TDCJ and he failed to show personal involvement by Peacock in the handling of his grievance, nor that she should be

1

responsible for Jordan's actions.  The Magistrate Judge also determined that the Defendants were entitled to the defense of qualified immunity.

Trivett filed objections to the Magistrate Judge's Report on June 14, 2012.  In his objections, Trivett states first that he has a protected interest in receiving "proper medical care."  As the Magistrate Judge noted, inmates have a constitutional right not to be subjected to deliberate indifference to their serious medical needs.  Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997).  The summary judgment evidence plainly shows that Dr. Stanley did not act with deliberate indifference to Trivett's serious medical needs.  Even if Dr. Stanley acted with a lack of due care, this is not tantamount to a showing of deliberate indifference as is required in a §1983 lawsuit.  See Varnado v. Collins, 920 F.2d 320, 321 (5th Cir. 1991) (malpractice alone is not grounds for a constitutional claim); Graves v. Hampton, 1 F.3d 315, 319-20 (5th Cir. 1993) (negligent or mistaken medical judgment or treatment are not grounds for a constitutional claim).  Trivett's objection on this point is without merit.

Second, Trivett asserts that the Magistrate Judge's conclusion concerning Peacock was contrary to the Fifth Circuit's decision in Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005).  He does not explain how the Magistrate Judge's conclusion was contrary to Geiger; that decision squarely held that "Geiger does not have a federally protected liberty interest in having these grievances resolved to his satisfaction," and that because Geiger relied upon this legally nonexistent interest, any alleged due process violation arising from the failure to investigate his grievances was "indisputably meritless."  Geiger, 404 F.3d at 374.  The Magistrate Judge, following Geiger, determined that Trivett lacked a constitutionally protected interest in the prison grievance procedure sufficient to give rise to liability under 42 U.S.C. §1983 against Peacock for allegedly not complying with this procedure.  This conclusion is correct, and Trivett's objection lacks merit.

Third, Trivett asserts that disputed issues of material fact exist because Moreland determined that a sinus problem existed after Dr. Stanley concluded that there was not a problem.  As the Magistrate Judge noted, Moreland saw Trivett in October of 2011, a full year after the incidents

2

forming the basis of this lawsuit.  She determined that he had a cold, a transitory illness, but made no mention of any other sinus problems; the X-rays taken in July of 2011 showed that Trivett's sinuses were normal.  Moreland's findings in October of 2011 have no bearing on Dr. Stanley's treatment of him in October of 2010.  Trivett's objections on this point are without merit.

Finally, Trivett cites a 1974 case from the Western District of Missouri, which he states held that the denial of treatment for an inmate suffering from allergic rhinitis was arbitrary and unreasonable.  Ricketts v. Ciccone, 371 F.Supp. 1249 (W.D.Mo. 1974).  In Ricketts, the magistrate judge to whom the case was referred stated that "in determining the merits for a claim of lack of medical treatment, the standard is whether needed or essential, as opposed to desirable, medical treatment is being denied."  The district court concluded that the petitioner was in need of medical care for treatment of his chronic rhinits caused by allergic sensitivity to an identified mold, and held that the Bureau of Prisons was legally obligated to provide "the most suitable medical treatment reasonably available."  The district court ordered that the petitioner be transferred to a prison in a low-humidity climate and that the prison further carry out acts reasonably required to make certain that the recommended planned medical treatment of the petitioner was being carried out at a suitable place.

However, this case pre-dated the Supreme Court's decision in Estelle v. Gamble, 429 U.S. 97 (1976), in which the Court set out the correct standard of "deliberate indifference to serious medical needs," a much different standard than that applied by the district court in Ricketts.  Any legal viability which Ricketts had was extinguished by Estelle; in any event, nothing in Ricketts shows that Dr. Stanley acted with deliberate indifference to Trivett's serious medical needs. Trivett's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this case, including the Plaintiff's pleadings, the Defendants' motion for summary judgment, the Plaintiff's response thereto, the summary judgment evidence submitted by the parties, the Report of the Magistrate Judge, and the Plaintiff's objections thereto.  Upon such *de novo* review, the Court has concluded that the

3

Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit.  It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 21) is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the Defendants' motion for summary judgment (docket no. 16) is hereby GRANTED and the above-styled civil action be and hereby is DISMISSED with prejudice.  It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 10th day of July, 2012.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE